PHILLIPS DAYES LAW GROUP PC
ATTORNEYS AT LAW
Suite 1500
3101 North Central Avenue
Phoenix, Arizona 85012
(602) 258-8900
minute_entries@phillipslaw.com

Trey Dayes (AZ Bar # 020805)
treyd@phillipsdayeslaw.com
John L. Collins (AZ Bar # 030351)
johnc@phillipsdayeslaw.com
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZIONA

| | |
|---|---|
| Natalie Garcia, a single woman;, <br><br> Plaintiff, <br><br> vs. <br><br> Better Horizons, LLC., an Arizona limited liability company; Clarisse and Telesphor Kamgaing, wife and husband <br> Defendants. | Case No.: <br><br> **COMPLAINT** <br><br> **(Jury Trial Requested)** |

Plaintiff alleges:

### NATURE OF THE CASE

1.      Plaintiff brings this claim in under the the Fair Labor Standards Act ("FLSA"). The FLSA is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers" 29 U.S.C. § 202(a). To achieve its goals, the FLSA sets overtime pay requirements for covered employers. 29 U.S.C. §§ 206(a) & 207(a).

2.      Employers must compensate employees for all work that employers permit

employees to perform. See 29 C.F.R. § 785.11. In such cases, it is the responsibility of employers' management to ensure that work is not performed if management does not desire for such work to be performed. 29 C.F.R. § 785.13. Employers may not accept the benefits of employees performing work without compensating the employees for their work. Id.

3.      Plaintiff brings this action against Defendant for unlawful failure to pay overtime wages in direct violation of the Fair Labor Standards Act, 29 USC §201 *et seq.* (hereinafter FLSA) and specifically the overtime provision of the FLSA found at §207(a).

4.      For at least one year prior to the filing of this action, Defendants had a consistent policy and practice of requiring its employees to work well in excess of forty (40) hours per week without paying her time and a half for hours worked over forty (40) hours per week.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1331.

6.      Venue is proper under 28 U.S.C. §1391(b) because all or a substantial part of the events or omissions giving rise to the claims occurred in this District.

7.      The named Defendant, by virtue of their own acts and omissions or by virtue of the acts and omissions committed by one or more of their agents, employees or representatives, as described herein, have conducted business or caused events to occur within the District of Arizona and, more particularly, within Maricopa County, Arizona, as more particularly described herein so as to give rise to both subject matter and personal jurisdiction of this Court.

**PARTIES**

8.     At all times material hereto, Plaintiff was and continues to be a resident of Maricopa County, Arizona.

9.     Defendant Better Horizons, LLC. is incorporated in the State of Arizona with its principle place of business at 2204 East Firestone Drive, Chandler, Arizona 85249.

10.     Upon information and belief, and consistent with the information available from the Arizona Corporation Commission, Defendants Clarisse and Telesphor Kamgaing were and are the owners of Better Horizons, LLC..

11.     Upon information and belief, at all times material hereto, Defendants Clarisse and Telesphor Kamgaing were and are residents of Maricopa County, Arizona.

12.     Clarisse and Telesphor Kamgaing have caused events to take place giving rise to this Complaint as to which their marital community is fully liable.

13.     At all relevant times, Plaintiff was an "employee" of Better Horizons, LLC, as defined by 29 U.S.C. §203(e)(1).

14.     The provisions set forth in 29 U.S.C § 206 and § 207, respectively, of the FLSA apply to Better Horizons, LLC.

15.     At all relevant times, Better Horizons, LLC. was and continues to be an employer as defined in 29 U.S.C. § 203(d).

16.     On information and belief, Defendants Clarisse and Telesphor Kamgaing are deemed an "employer" for purposes of the FLSA, including, without limitation, 29 U.S.C. §216, and are co-equally liable with Defendant Better Horizons, LLC. for all matters.

17.     At all times material to this action, Better Horizons, LLC. was and is an

1   enterprise engaged in commerce or in the production of goods for commerce as defined by

2   §203(s)(1) of the FLSA.

3        18.     Upon information and belief, at all relevant times, the annual gross revenue of

4   Better Horizons, LLC. exceeded $500,000.00

5

6                          **FACTUAL BACKGROUND**

7        19.     Defendants managed adult care facilities, which specialized in adult and elder

8   care, disabled care and more

9

10       20.     Plaintiff Garcia was hired by Defendants in approximately December 2013 as a

11  non-exempt hourly paid attendant.

12       21.     Plaintiff Garcia's responsibilities included  cleaning the homes and monitoring

13  the patients in those homes.

14       22.     Plaintiff Garcia was paid an hourly rate of $8 per hour for all hours worked until

15  he reached 40 hours in a week. If Garcia worked more than 40 hours, she  would not be paid

16  for those hours.

17       23.     Plaintiff was a non-exempt employee.

18
     24.     Plaintiff was not a manager.
19
         25.     Plaintiff did not exercise discretion and independent judgment with respect to
20
21  matters of significance.

22       26.     Defendants waived any applicable exemption when they began paying Bermudez

23  hourly.

24       27.     From December 2013 through April 2014, Defendants failed to properly

25

---

compensate Plaintiff for her overtime hours.

28.     Plaintiff attempted on multiple occasions to receive her overtime and commission compensation.

29.     In April of 2014 Plaintiff directly requested from the Kamgaings her compensation again.

30.     Two days after making making the request, Clarisse Kamgaing told the Plaintiff that she could not work with people such as her and immediately fired the Plaintiff for complaining about not being paid overtime

31.     Defendants' failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA were/was willful as Plaintiff complained about this policy on multiple occasions and in fact was terminated in April of 2014 for complaining about not being compensated appropriately.

32.     Defendants refused and/or failed to properly disclose to or apprise Plaintiff of her rights under the FLSA.

33.     Defendants failed to keep proper time records in violation of the FLSA.

34.     Plaintiff has retained the law firm of Phillips Dayes Law Group, P.C. to represent her in this litigation and have agreed to pay a reasonable fee for the services rendered in the prosecution of this action on her behalf.

## COUNT ONE
## VIOLATION OF FAIR LABOR STANDARDS ACT §207

35.     Plaintiff incorporates and adopts the preceding paragraphs as if fully set forth herein.

36.     While employed by Defendant, Plaintiff consistently and regularly worked overtime.

37.     Defendants have intentionally failed and/or refused to pay Plaintiff overtime according to the provisions of the FLSA.

38.     As a direct result of Defendants' violations of the FLSA, Plaintiff has suffered damages not receiving compensation in accordance with § 207 of the FLSA.

39.     Under 29 U.S.C. §216 Defendants are liable to Plaintiff for an amount equal to one and one-half  times his regular pay rate for each hour of overtime worked per week.

40.     In addition to the amount of unpaid wages owed to Plaintiff is also entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

41.     Defendants' actions in failing to compensate Plaintiff, in violation of the FLSA, were willful.

42.     Defendants have not made a good faith effort to comply with the FLSA.

43.     Plaintiff are also entitled to an award of attorneys' fees pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in their favor against Defendants:

a.     Awarding Plaintiff overtime compensation in the amount due to her for all of her time worked in excess of forty (40) hours per work week at an amount equal to one and one-half  times Plaintiff' regular rate while at work for Defendants;

b.     Awarding Plaintiff liquidated damages in an amount equal to the overtime

award;

c.  Awarding Plaintiff's reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

d.  For Plaintiff's costs incurred in this action;

e.  Awarding Plaintiff's pre-judgment interest, at the highest legal rate, on all amounts set forth in subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

f.  Awarding Plaintiff's post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full;

g.  For such other and further relief as the Court deems just and proper.

## COUNT TWO
## RETALIATION IN VIOLATION OF THE FLSA

44.    Plaintiff incorporates and adopts the preceding paragraphs as if fully set forth herein.

45.    As set forth above, Plaintiff was retaliated against for exercising her rights under the FLSA.

46.    Pursuant to FLSA, 29 U.S.C. § 215(a)(3), it is unlawful to discharge or in any other manner discriminate against any employee because such employee has filed a complaint or instituted or caused to be instituted any proceedings under or related to this chapter, or has testified or is about to testify in any such proceedings, or has served or is about to serve on an industry committee…"

47.     Such conduct not only includes formal complaints with a court or the Department of Labor, but also informal complaints to an employer. *See Williamson v. Gen. Dynamics Corp.*, 208 F.3d 1144, 1151 (9th Cir. 2000).

48.     Plaintiff has suffered emotional distress, mental anguish, lost past and future wages as a result of Defendants' retaliatory conduct.

49.     As a result of Defendants' retaliatory conduct, Plaintiff is entitled to compensatory damages, punitive damages, attorneys' fees and costs, and all other legal or equitable relief permitted under 29 U.S.C. § 216.

## COUNT THREE
## DECLARTORY JUDGMENT

50.     Plaintiff incorporates and adopts the preceding paragraphs as if fully set forth herein.

51.     Plaintiff and Defendants have a Fair Labor Standards Act dispute pending.

52.     The Court has jurisdiction to hear Plaintiff' request for declaratory relief pursuant to the Declaratory Judgment Act 28 U.S.C. §§ 2201-2202.

53.     Plaintiff may obtain declaratory relief.

54.     Defendant employed Plaintiff.

55.     Defendant is an enterprise covered by the FLSA.

56.     Plaintiff is individually covered by the FLSA.

57.     Plaintiff is entitled to overtime wages pursuant to 29 U.S.C. §207.

58.     Defendant did not keep accurate time records pursuant to 29 U.S.C §211(c) and 29 C.F.R. Part 516.

59.     Plaintiff is entitled to an equal amount of liquidated damages as Defendant's

1  policy of failing to pay proper overtime compensation remains in effect.

2      60.    Defendant did not rely on a good faith defense in its failure to abide by the

3  provisions of the FLSA and failure to pay overtime compensation.

4      61.    It is in the public interest to have these declarations of rights recorded as

5  Plaintiff' declaratory judgment action serves the useful purposes of clarifying and settling the

6

7  legal relations at issue, preventing future harm, and promoting the remedial purposes of the

8  FLSA.

9      62.    The declaratory judgment action further terminates and affords relief from

10  uncertainty, insecurity, and controversy giving rise to the proceeding.

11      WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor

12  against Defendants:

13      a.  Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices

14          complained of herein are in violation of the overtime provisions of the FLSA.

15

16      b.  For Plaintiff's costs incurred in this action.

17      c.  Awarding Plaintiff's  reasonable attorney's fees and costs and expenses of the

18          litigation pursuant to 29 U.S.C. §216(b);

19      d.  For such other and further relief as the Court deems just and proper.

20

21

22

23

24

25

## **DEMAND FOR JURY TRIAL**

Plaintiff and all similarly situated employees  hereby requests that upon trial of this

action, all issues be submitted to and determined by a jury except those issues expressly

reserved by law for determination by the Court.

Dated:  May 7, 2014                                   Respectfully submitted,

**PHILLIPS DAYES LAW GROUP PC**

_____/s/ Trey Dayes_____
Trey Dayes
treyd@phillipsdayeslaw.com
Attorney for Plaintiff